**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROSA MARIA MORALES LEMUS and JENNEFER MARIA MARTINEZ MORALES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 09-70088 <br> 09-72760 <br><br> Agency Nos. A029-274-266 <br> A029-274-267 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Rosa Maria Morales Lemus and

Jennefer Maria Martinez Morales, natives and citizens of Guatemala, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen on the basis of ineffective assistance of counsel, and order denying their motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed more than eight years after the September 11, 1998, deadline for motions to reopen for the purpose of filing an application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997, *see* 8 C.F.R. § 1003.43(e)(1), and petitioners failed to establish that they acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Accordingly, the BIA did not abuse its discretion in denying petitioners' motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision . . . .").

**PETITION FOR REVIEW DENIED.**